**Prepared by unrepresented Debtor**

Marta Lyall
1001 NW 175th ST
Shoreline, WA 98177
206.946.8374
FAX: 206.274.4899
m AT nfold DOT net

FILED

2015 NOV 10 AM 10: 08

M. L. HATCHER, CLK.
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE

BY_____ DEP. CLK.

Hon. Timothy W. Dore
Jury Trial Requested

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | ) Case No. 15-15981-TWD |
| | ) |
| Marta D. Lyall, | ) Adversary No: _____ |
|           Plaintiff/Debtor | ) |
| | ) |
| | ) |
| **vs.** | ) |
| | ) COMPLAINT TO DETERMINE THE EXTENT |
| BANK OF NEW YORK MELLON, | ) AND VALIDITY OF LIEN ON REAL |
| MERS, (MORTGAGE ELECTRONIC | ) PROPERTY, FOR QUIET TITLE, TO |
| REGISTRATION SYSTEMS), BANK | ) DETERMINE THE |
| OF AMERICA, NA, | ) DISCHARGEABILITY OF THE DEBT, FOR |
| DITECH HOME LOAN SERVICING, | ) INJUNCTIVE RELIEF, TO |
| CWABS MASTER TRUST, REVOLVING | ) RECOVER MONEY, PURSUANT TO |
| HOME EQUITY LOANS ASSET BACKED | ) STATUTORY |
| NOTES, SERIES 2004-"O", | ) AND/OR EQUITABLE DAMAGES, |
| | ) FOR DECLARATORY RELIEF AND A |
| | ) CONDITIONAL ACTION FOR AN |
| AND DOES 1-1000 | ) ACCOUNTING |
| | )) AND TO OBTAIN UNAPPLIED CREDITS. |
| | )) AND TO SEEK RESTITUTION FOR UNJUST |
|           Defendants. | ) ENRICHMENT BY THE DEFENDANTS, |
| | ) TO REMOVE A SECOND LIEN, (HELOC) |

---

1 | Compliant Adversary Proceeding, Marta Lyall, Plaintiff/Debtor

## COMPLAINT

Marta D. Lyall, Debtor/Plaintiff, files this Complaint to determine the extent and validity of liens on her real property, for Quiet Title, to determine the dischargeability of the debt, for Injunctive relief, to recover money, pursuant to statutory and/or equitable damages, attorney fees (where applicable if they arise), and costs, for declaratory relief and a conditional action for and accounting and to obtain unapplied credits, and to confirm the removal a second lien, (HELOC), from being a secured creditor.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; 1334; 1652; 2201; FRCP 57 and B.R. 7001(1),(2),(6),(7),(9) and 7.24.010 et seq, FRCP 57; Pursuant to B.R. 4007(A) *"Persons Entitled To File Complaint. A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."* Also, pursuant to B.R. 3007(b), "An Objection to Claim may be included in an Adversary Proceeding". However in this case, no Proof of Claim has been filed.

This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), and the Court has jurisdiction to enter a final judgment in the case.

This adversary proceeding arises under, and is related to the Chapter 7 case, In re Marta D. Lyall, pending in the United States Bankruptcy Court for the Western District of Washington, as Chapter 7, Case No. 15-15981.

The plaintiff obtained a first mortgage loan through a Deed of Trust and Promissory Note for the subject property, in Shelby County, Tennessee State, and a second position HELOC loan, obtained through a Deed of Trust, which was part of the original 80/20 purchase. The defendants reside in many different states, and possibly other countries.

## PARTIES

1.

**Bank of New York  Mellon**, claims to have the authority to enforce the Promissory Note and Deed of Trust for the HELOC for the subject property as the Legal Trustee for the certificate holders of CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O", with the given address of 226 W. Monroe ST, 26th Floor, Chicago, IL 60670. The Deed of Trust was recorded in Shelby County, on 8/23/2004, as instrument number **04141849**.

2.

**Bank of America, NA**, 1800 Tapo Canyon RD, (the same address as Recon Trust, which is not allowed to operate in Washington State), Simi Valley, CA 98063, claims to have an interest in the subject property, in the First Mortgage, the Promissory Note, and the Deed of Trust, recorded in Shelby County, Memphis TN, on 8/23/2004, instrument number **04141848**.

3.

**MERS**, (Mortgage Electronic Registration Systems), 1901 E. Voohees S., Suite C, Danville, IL, 61834, <u>acting as Beneficiary</u>, (*not Nominee for a beneficiary*), **Countrywide Home Loans**, and claimed to have the authority to assign all interest, including beneficiary interest to **Bank of America**, in 2012, through instrument number **12050208**, **EXHIBIT A**, recorded in Shelby County, Tennessee State, on 5/04/2012. It also claimed to have the authority to assign all interest in the Deed of Trust ("DOT") and Promissory Note for the HELOC, to **Bank of New York Mellon**, in 2012, through instrument number **12060564**, **EXHIBIT B**, recorded in Shelby County, Tennessee State, on 5/31/2012.

4.

**CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O"**, a *Mortgage Backed Security* ("MBS") Trust, created by **Countrywide Home Loans** in 2004. Ronald Rooney, Custodian, 226 W. Monroe ST, 26th Floor, Chicago, IL 60670. This Trust claims to be the *holder to enforce*, or *holder in due course*, for the HELOC for the subject

property, where **Bank of NY Mellon** is listed as Trustee for the certificate holders of this MBS. This MBS Trust was designated as assignee in instrument **12060564, EXHIBIT B**, recorded in Shelby County, Tennessee State, on 5/31/2012. However all mortgage statements come from **Bank of America,** as of the date of this filing, **EXHIBIT C**

5.

**Ditech Loan Servicing, LLC,** (Was GreenTree Loan Servicing, LLC), 7360 S. KYRENE ROAD, TEMPE, AZ 85283. **Bank of America, NA** transferred all beneficial interest to GreenTree Loan Servicing, on 5/24/2013. Recorded in Shelby County, as instrument number **13071054. EXHIBIT D**

6.

**Marta D. Lyall**, debtor/plaintiff, owner of subject property, 1001 NW 175th ST, Shoreline, WA 98177.

## FACTS

1.

The Plaintiff obtained a mortgage loan, for a sum of $98,400.00, on August 22, 2004, wherein *Countrywide Home Loans* ("Countrywide") presented themselves as a mortgage lender to provide a home loan to Marta D. Lyall, for the purchase of the subject property. This Deed of Trust was recorded in Shelby County, TN, on August 23, 2004, instrument number 04141848, **(DOT-1)**.

2.

The Plaintiff obtained a 2nd mortgage, HELOC, for a sum of $24,600.00, on the same date, August 22, 2004, wherein *Countrywide Home Loans* ("Countrywide") presented themselves as a mortgage lender to provide a HELOC home equity loan to Marta D. Lyall, for the purchase of the subject property. This Deed of Trust was recorded in Shelby County, TN, on August 23,

2004, instrument number 04141849, (**DOT-2**).

3.

Upon information and belief, Countywide merged with Bank of America ("BAC") on January 11, 2008, and that merger was approved in June, 2008.

4.

On May 3, 2012, **MERS**, <u>acting as Beneficiary</u>, (*not Nominee for a beneficiary*), transferred all beneficial interest for **DOT-1**, to **Bank of America, NA, as successor by merger to Bank of America Home Loan Servicing LP, FKA Countrywide Home Loan Servicing, LP**. The MERS Min# for this **DOT-1** is: MIN #: 1000157-0003982412-9. This was recorded on May 3, 2012, in Shelby County, TN as **instrument number 12050208**. **Ronald E. Rooney**, filed with this instrument, a certification claiming to be custodian for this Deed of Trust and transfer.

5.

On May 29, 2012, **MERS**, acting as Beneficiary, (*not Nominee for a beneficiary*), transferred all beneficial interest for the HELOC, **DOT-2**, to **The Bank of New York Mellon**, FKA **THE BANK THE OF NEW YORK, as SUCCESSOR OF TRUSTEE to JPMORGAN CHASE Bank, NA,** Trustee for the certificate holders of **CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O".** The MERS Min# for this **DOT-2** is: MIN #: 1001337-0000152871-3. This was recorded on May 29, 2012, in Shelby County, TN as **instrument number 12060564**. **Ronald E. Rooney**, filed with this instrument, a certification claiming to be custodian for this Deed of Trust and transfer.

6.

In a letter to the Debtor, dated October 8, 2015, **EXHIBIT C, Bank of America** holds itself out as the owner and servicer, with beneficial interest, in the **HELOC, DOT-2**. But there is no recording in Shelby County of the assignment or transfer of beneficiary or other interest to Bank of America for the HELOC **DOT-2**.

7.

On May 24, 2013, **Bank of America, NA** transferred all beneficial interest to **GreenTree Loan Servicing,** now **Ditech Financial Services, LLC,** 7360 S. KYRENE ROAD, TEMPE, AZ 85283.. Recorded in Shelby County, as instrument number **13071054**.

8.

The **subject property** in this case ("Property") is Plaintiff's Residence, and is described as:

Lots 32 and 33, Block 1, Mount Arlington Subdivision, as shown on plat of record in Plat Book 2, Page 116 in the Register's Office of Shelby County, Tennessee to which plat reference is hereby made for particular description of said property.

More commonly known as: 998 Meda ST, Memphis, TN 38104.

## COUNT 1

DETERMINATION OF EXTENT AND VALIDITY OF LIENS AND QUIET TITLE WITH CORRESPONDING INJUNCTIVE RELIEF

1.

Plaintiff seeks a determination of the extent and validity of a lien on Real Property (the "Property") pursuant to B.R. 7001(2), which provides for an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property."

2.

Shelby County Recorder's docket for the subject property shows conflicting and false assignments regarding the Plaintiff's property as described above, clouding the title of the Plaintiff's property.

---

3.

The basis for the determination of the extent and validity of the lien claim in:

Washington State Law is the Quiet Title Statute, RCW 7.28.010, et seq:

> Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title;

> **The person entitled to enforce the note, must have paid money for the note.**
> and Tennessee Code §47-3-501:

> **(a)** "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.
> **(b)(2)** Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

4.

Plaintiff is the owner of the Property and therefore has standing to bring such action. BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OFAMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS

ASSET BACKED NOTES, SERIES 2004-"O", are parties that claim an interest, in the form of a lien claim, that is adverse to Plaintiff's claim to clear title. This complaint:

A.) Is made under oath;

B.) Hereby states that the nature and extent of Plaintiff's estate in the Property is that they are the owner and legal title owner of the Property, and that upon information and belief, Plaintiff holds the Property free of any legitimate lien claim;

C.) Has described the premises in this Complaint;

D.) Hereby states that Plaintiff is credibly informed and believes BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OFAMERICA, NA, DITECH HOME LOAN SERVICING, (was GreenTree), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O",, make an adverse claim to plaintiff, in that they claim to be the owner of the Loans, Notes and Mortgages;

E.) Hereby and herein prays for the establishment of plaintiff's estate free of BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OFAMERICA, NA, DITECH HOME LOAN SERVICING, (was GreenTree), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", lien claim and that all parties acting on their behalf, and any successor be barred and forever estopped from having or claiming any right or title to the Property adverse to Plaintiff, including any lien claim.

5.

A quiet title complaint and judgment encompasses the right to a recordable judgment that effectively removes cloud upon title, that are recorded documents wrongfully casting doubt upon a plaintiff's clear title. Plaintiff alleges that the following documents create a cloud upon title that should be removed by the terms of the judgment in this case:

1.

Deed of Trust, for First Lien on subject property, recorded on August 23, 2004 in Shelby County, TN as instrument number 04141848, (DOT-1). MERS MIN# 1000157-0003982412-9

2.

Deed of Trust, for Second Lien, HELOC, on subject property, recorded on August 23, 2004 in Shelby County, TN as instrument number 4141849, (DOT-2), MERS MIN# 1001337-0000152871-3.

3.

Assignment of Deed of Trust (DOT-1), from **MERS**, acting as Beneficiary, (*not Nominee for a beneficiary*), transferred all beneficial interest for DOT-1, to **Bank of America, NA**, as successor by merger to Bank of America Home Loan Servicing LP, FKA Countrywide Home Loan Servicing, LP. The MERS Min# for this DOT-1 is: MIN #: 1000157-0003982412-9. This was recorded on May 5, 2012, in Shelby County, TN as instrument number 12050208.

4.

Assignment of Deed of Trust, (DOT-2) (HELOC), by **MERS**, acting as Beneficiary, (*not Nominee for a beneficiary*), transferred all beneficial interest for the HELOC, (DOT-2), to **The Bank of New York Mellon**, FKA THE BANK THE OF NEW YORK, as SUCCESSOR OF TRUSTEE to JPMORGAN CHASE Bank, NA, Trustee for the certificate holders of CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O". The MERS Min# for this DOT-2 is: MIN #: 1001337-0000152871-3. Recorded on May 29, 2012, in Shelby County, TN as instrument number 12060564.

5.

In addition the following, show conflicting and false information regarding the rightful beneficiary and trustee for the Plaintiff's property:

> Notices from Bank of America, in September 2015, and October 8, 2015, **EXHIBIT C**, sent to the Plaintiff, stating their right to enforce the Note for the HELOC, DOT-2, after MERS transferred all beneficial rights on May 24, 2013, to Bank of NY Mellon, as Trustee for the certificate holders of CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O". There is no mention of **Bank of America** having been assigned a beneficial or any interest in this DOT-2.

6.

Upon information and belief, BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OFAMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", are not the owners of the Loans and Notes for the subject property and so cannot enforce or claim to be secured creditors.

7.

Upon information and belief, BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OFAMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", did not pay value for the Notes and Loans secured by DOT-1 and DOT-2 which party would have had to pay value for the Notes and Loans. Therefore, BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OFAMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING),

CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", is not secured with the Deed of Trusts (DOT-1 and DOT-2), on the subject Property.

8.

Plaintiff denies that BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", are the *holders of due course* of the Promissory Notes enforced by DOT-1 and DOT-2. Plaintiff denies that BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (was GreenTree), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", have the right to enforce the Note.

Plaintiff denies the authenticity, validity and authority to make any endorsements that may appear on the original Promissory Notes enforced by DOT-1 and DOT-2. Plaintiff denies the validity and authority of the Promissory Notes enforced by DOT-1 and DOT-2 as they do not have the endorsements that were required to be signed or stamped upon the Notes, pursuant to the terms of Securitization Documents, including the lack thereof. Since Plaintiff has denied these matters in the pleadings, BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", have the burden of proof on each of these allegations. Under Bankruptcy code, 363(P)(2):

> *"the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest."*

Also, B.R. 7001(2), provides for an adversary proceeding *"to determine the validity, priority, or*

*extent of a lien or other interest in property."*

9.

Upon information and belief, the funds that were loaned to Plaintiff, in 2004 as a mortgage loan, by Countrywide, came from investors dollars generated by the sale of equity in one or more MBS (Mortgage Backed Securites), Trusts. These MBS Trusts claimed to have placed the Plaintiff's Notes into their Trusts, according to their Prospectus and/or Pooling and Service Agreement. Countrywide did not use their own funds for these loans and so had no right or legal authority to transfer or sell the Notes of DOTs, after the date of the transfer of the Notes into MBS Trusts.

10.

Upon information and belief, it is legally impossible for BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O",, to ever have obtained ownership of the Loans, Notes and Deeds of Trust (DOT-1 and DOT-2). Plaintiff will expound upon this after receiving copies of the Securitization Mortgage Loan Files generated by Countrywide, including a current true and correct copy of the Original Notes with endorsements and other information and documents that describe and demonstrate ownership and transfer of the Mortgage Loans and Deed of Trusts (DOT-1 and DOT-2), to these parties.

11.

Upon information and belief, it is a legal impossibility for BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", or any party acting on their behalf, to be the holder of the Notes

secured by the subject property. Upon information and belief, the only party whose own funds were placed at risk when the Loans were made, even on a temporary basis, were the Investors in the MBS Trusts created by Countrywide.

CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", which appeared as a party of interest in May 29, 2012 is not listed as a beneficiary for the HELOC Promissory Note, enforced by DOT-2 prior to this date, nor is it shown to be Assigned beneficiary interest, in any recorded document, until eight years after the Plaintiff signed her Note, enforced by DOT-2. But this Assignment on May 29, 2012, clearly shows the Note for the HELOC was securitized in whole and not in part according to the Prospectus for the MBS, and the Note was required to be placed within this named Trust in order for the 2004 MBS to be created and sold by Countrywide. Investors in this MBS, in total not individually, would be the rightful owners of the Note enforced by the DOT-2, because they, as third parties, gave money in exchange for a portion of the Note which was the underlying instrument, in whole, for the creation of the MBS they purchased.

Upon placing this Note, in whole in this Trust, it no longer was a negotiable instrument and so no longer enforceable under the DOT-2. The placement of this note in whole, into the MBS Trust, changed the entity to a tradable security. It was no longer a 2-party contract, or negotiable instrument, as described in the Promissory Note, between the Debtor and the Lender, (Countrywide), or the Lender and the Beneficiary MERS, as stated in DOT-2. This new MBS security, if in default, was insured by *Credit Default Swaps*, as described in the Prospectus for this MBS, which are paid to the investors, upon default, paying off the Note in full. Because of this, it cannot legally also be claimed to be subject to payment in full again by the Plaintiff. If it was, this would provide full payment for the same Note to occur two times, which would be fraudulent.

12.

It is through information and belief the Plaintiff asserts that by placing the Plaintiff's Notes, enforced by and placed into the Trusts for the MBS, created by Countrywide Home Loans, it changed the Notes into a different type of instrument, as they became in whole, a security instrument for trading on the market. Countrywide or their successors no longer could claim the notes to be negotiable instruments, in whole in a 2-party contract as the Promissory Notes between the Debtor and the original lender, as the contractual relationship had changed. They were no longer a two-party contract between the Plaintiff and the Lender, as stated in the Promissory Notes, because the MBS Trusts which alleged rights over them and described this ownership in their Prospectus. The Notes were sold in whole, to a group of investors in the MBS Trusts. So the Investors in the MBS, which were created in 2004, by Countrywide, as a whole group, are the true Beneficiaries of the Notes and DOTs. This Beneficiary interest could not then be sold or transferred to another entity, after that date, without the dissolution of these MBS, and their MBS Trusts.

Further, if these same Notes, were claimed to be placed in the MBS Trusts, backing the MBS sold by Countrywide, in 2004, as it states in their Prospectus, this claim may be fraudulent, and so the MBS Investors may have been defrauded. If it is true, then the investors in whole not part, in the MBS created by Countrywide, are the true and only beneficiaries of these Notes, as they were stated to be held in whole, in the MBS Trusts.

18.

It is through information and belief the Plaintiff asserts the change in the two-party contractual agreement of the Notes, signed by the Plaintiff, does not include information regarding the selling of her notes, in whole, to investors, as a tradable security instrument, while at the same time, maintaining the right to sell the Notes in whole, as a negotiable instrument, both backed by the Plaintiffs property. This change in the terms of her contracts or her notes, breaks the terms of her Promissory Notes with Countrywide when she signed the Notes, and makes the Notes Void, so unenforceable by the successors to Countrywide for the DOTs, including BANK OF NEW

YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", or those acting on their behalf.

19.

In addition, the Assignment of Deed of Trust, by **MERS**, acting as Beneficiary, (*not Nominee for a beneficiary*), transferred all beneficial interest for the HELOC, (DOT-2), to **The Bank of New York Mellon**, FKA THE BANK THE OF NEW YORK, as SUCCESSOR OF TRUSTEE to JPMORGAN CHASE Bank, NA, Trustee for the certificate holders of CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O", Recorded on May 29, 2012, in Shelby County, TN as instrument number 12060564, was invalid, as neither can become a h*older to enforce* or *holder in due course* because the Assignment was made after the Deed of Trust (DOT-2) was in Default.

The Uniform Commercial Code, (UCC), does not view any instrument in default as a valid negotiable instrument.

20.

The only party potentially harmed by the failure of the Countrywide MBS Trusts who obtained ownership of the Loans, Notes and Deeds of Trust are the Investors in the MBS created by Countrywide. Equity cannot repair the failed sale and transfer of the Loans, Notes and Deed of Trusts into the two MBS Trusts. Therefore, upon information and belief, Plaintiff will prove that the only party that has, or can have as a matter of logical necessity, a legitimate claim to legal title or a security interest in the Property is Plaintiff.

The remedy for the MBS Investors is access to their credit default swaps (CDS) (described in the Prospectus and PSA for the MBS Trusts), and/or bring a lawsuit against the parties that were negligent in performing their duties necessary for the MBS Trusts to obtain ownership of

the Loans, Notes and Deed of Trusts.

21.

Upon information and belief, Countrywide and MERS in 2004 sold and transferred the Notes in whole to the MBS Trusts within days or weeks of their execution. After said sale, no Lender had any legitimate beneficiary interest in the Loans, Notes and no power to transfer them, because they had already been sold and transferred to another, in whole, not in part.

22.

These issues are pertinent to determining whether or not the current parties claiming to be secured creditors, BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", actually have a secured interest in the property or any legitimate interest at all. Their security interest must be perfected as required in Bankruptcy Law:

> *Federal Rules of Bankruptcy 3001 (d) Evidence of perfection of security interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.*

If it is not perfected then the Notes, Deed of Trusts and so Liens against the Property, are Void.

23.

The original Notes, signed by the Plaintiff in 2004 with Countrywide, were held by investors in MBS Trusts, who did not release their rights to them when MERS then transferred them. These MBSs are still active and so still hold the notes in whole, not part.

At face value this may seem like Bank of America was the party most harmed. But this is not the

case. Bank of America received money through the US Government's TARP program, for non-performing mortgages they obtained through their merger with Countrywide. And they looked to profit further when the loans defaulted.

24.

What happened to the Plaintiff's Note, has happened to six million home loans, since 2004 and greatly harmed the nation's economy. Would this have happened had Mortgage companies like Countrywide and Bank of America not believed it was good business practice to lure in unsuspecting vulnerable prospects for a shaky home loan? By shaky I mean one that you have little likelihood of completing; targeting people who just came out of a divorce, like the Debtor, or were frail in health. The "sponsors" who helped create security instruments, (MBSs)--the Banks, Investment Banks, and Mortgage companies--needed signatures on a Promissory Note for a residential property in order to create the pool of loans for the MBS. They needed the homebuyers to be on the other side of the Note so it could then be packaged, sold and traded. They did not intend to provide a loan for a home. They intended the negotiable Note, to be temporary, with the goal being getting a signed note for the basis of a Mortgage Backed Security, and then to make further money pretending to be the beneficiary, after the note defaulted, so they could profit from the foreclosure, and sell the note again into a new MBS.

The top four trustees in MBS and home equity products are BNY Mellon, Deutsche Bank Trust, U.S. Bank National Association, and Wells Fargo. BNY Mellon remains the largest trustee for CDO securities, achieving close to a 38 percent market share. However, BNY Mellon is not very active in the CMBS market, which is dominated by LaSalle National Bank and Wells Fargo.

Bank of America made an appearance as the beneficiary for the Plaintiff's Note in 2012 after their merger with Countrywide in 2008. This was soon after this the Plaintiff's financial situation began to change. But Bank of America, Countrywide, and the collaborating investment banks all knew this was likely going to happen and in fact it would be good news to them.

17 | Compliant Adversary Proceeding, Marta Lyall, Plaintiff/Debtor

The next steps in this scheme is to foreclose on the property in order to be able to have an auction, where the property is sold for much less than its value. Bank of America then bids strategically on the house, (this is documented with millions of properties), which after a resale at a higher market value, provides them with the rights to obtain a new Note from a different party. This new Note is then placed into another MBS Trust and sold to new investors. Bank of America then profits, multiple times, from the same property and what created the financial crisis in later 2007, is begun once more. This is not in the public interest.

The Plaintiff, like millions of other Americans is left without a home or her equity, after overpaying on the Deed of Trusts for over 10 years. She is denied access to her equity by these parties interrupting her ability to sell the property at Market Value herself. In the end, multiple banks and thousands of investors profit from the Plaintiff's Notes and then even profit more from the collapse of the Notes.

This type of scheme involves double-dipping and is fraudulent. It also leads to unjust enrichment of multiple parties, including Bank of America, Countrywide, (now Bank of America), Former Lehman Brothers, Goldman Sachs, Wells Fargo, and others including those who act on their behalf.

## INJUNCTIVE RELIEF

1.

The Injunctive Relief that is included as an essential element of a Quiet Title Action, pursuant to RCW 7.28.010, is also available to Plaintiff in this adversary complaint, pursuant to B.R. 7001(7), which provides that an adversary proceeding may include, "a proceeding to obtain an injunction or other equitable relief." The injunction that is appropriate to plead for now, but which will not be ripe until the final results on the merits is reached is to make permanent the determination of the extent and priority of the lien is that neither Bank of America, Bank of NY Mellon, nor their privies has or can ever have a security interest in the Property, that is the same

result that can and must be had in a state law quiet title action. Plaintiff leaves open the possibility that she may apply for a temporary injunction if circumstances develop that such is necessary at some point before this adversary proceeding is concluded on the merits.

## COUNT II
COMPLAINT TO RECOVER MONEY FOR FALSE RECORDED DOCUMENTS

1.

Plaintiff files this Complaint to Recover Money, pursuant to B.R. 7001(1), which provides that an adversary proceeding is available, "to recover money or property." In this regard, Plaintiff seeks the recovery of treble actual or mandatory or exemplary and equitable damages, from Bank of America, Bank of NY Mellon, MERS, or their successors, pursuant to RCW 40.16.030 and 11 U.S.C. §§ 105 and 362(a).3

2.

Bank of America, Bank of NY Mellon, and MERS, recorded or caused to be recorded each of the defined "false documents", listed below. Ditech Financial Management, LLC, and Bank of NY, Mellon, purport to claim a lien or encumbrance against the Property. Ditech Financial Management, LLC, and Bank of NY, Mellon, are responsible for all such violations, inasmuch as they claim to be the Trustee, and claim to be the owner of the Loan and beneficiary of the Notes and DOTs in such capacity, and have been conducting business as though said claim to the lien were valid. Ditech Financial Management, LLC, has been conducting business as though they are the beneficiary and owner of the Note and DOT for the first lien, and NY Bank of Mellon has held itself out as the Trustee, for a Tradable Note, that is no longer a negotiable instrument. They have named a Mortgage Backed Security as the owner and beneficiary of the HELOC, but this is not legally possible as the creator of the MBS did not pay for the Note. Accordingly, Ditech Financial Management is the agent of some unnamed beneficiary and owner, with no apparent authority to act and conduct business on its behalf because it is only a servicer, and has received no money for the first lien Note. Ditech Financial Management, Bank of NY Mellon and MERS

are liable directly, or are vicariously liable, or are liable because they claim, as a matter of law, to have the power to direct all actions pertaining to the drafting, execution and recording of all such documents pertaining to the Notes and DOTs in this case. More specifically, Ditech Financial Management, Bank of NY Mellon, and MERS are liable for all violations by those established below, as well as all Notary Public persons that notarized documents in this case, whose signatures were not valid.

--------

3.

Plaintiff alleges that the following are "false documents" and that they therefore contain violations of RCW 40.16.030 and Tennessee Code governing fraud and recording false documents :

1.

**Bank of New York Mellon**, claims to have the authority to enforce the Promissory Note and Deed of Trust for the HELOC for the subject property as the Legal Trustee for the certificate holders of CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O", with the given address of 226 W. Monroe ST, 26th Floor, Chicago, IL 60670. The Deed of Trust was recorded in Shelby County, on 8/23/2004, as instrument number **04141849**.

2.

**Bank of America, NA**, 1800 Tapo Canyon RD, (the same address as Recon Trust, which is not allowed to operate in Washington State), Simi Valley, CA 98063, claims to have an interest in the subject property, in the First Mortgage, the Promissory Note, and the Deed of Trust, **(DOT-1),** recorded in Shelby County, Memphis TN, on 8/23/2004, instrument number **04141848**.

3.

**MERS**, (Mortgage Electronic Registration Systems), 1901 E. Voohees S., Suite C, Danville, IL, 61834, claims to be the original nominee for the original beneficiary **Countrywide Home Loans**, and claimed to have the authority to assign all interest, including beneficiary interest to

**Bank of America**, in 2012, through instrument number **12050208**, recorded in Shelby County, Tennessee State, on 5/04/2012. It also claimed to have the authority to assign all interest in the Deed of Trust ("DOT") and Promissory Note for the HELOC, to **Bank of New York Mellon**, in 2012, through instrument number **12060564**, recorded in Shelby County, Tennessee State, on 5/31/2012.

4.

**CWABS Master Trust, Revolving Home Equity Loans Asset Backed Notes, Series 2004-"O",** a *Mortgage Backed Security* ("MBS") Trust, created by **Countrywide Home Loans** in 2004. Ronald Rooney, Custodian, 226 W. Monroe ST, 26th Floor, Chicago, IL 60670. This Trust claims to be the *holder to enforce*, or *holder in due course*, for the HELOC for the subject property, where **Bank of NY Mellon** is listed as Trustee for the certificate holders of this MBS. This MBS Trust was designated as assignee in instrument **12060564**, recorded in Shelby County, Tennessee State, on 5/31/2012. However all statements come from **Bank of America**, as of the date of this filing.

5.

**Ditech Loan Servicing, LLC,** (Was GreenTree Loan Servicing, LLC), 7360 S. KYRENE ROAD, TEMPE, AZ 85283. **Bank of America, NA** transferred all beneficial interest to GreenTree Loan Servicing, on 5/24/2013. Recorded in Shelby County, as instrument number **13071054**.

6.

Letter Dated **October 8, 2015, (EXHIBIT C)** by Bank of America, where they hold themselves out as having a Beneficial Interest in the Note and Deed of Trust, for the HELOC, (DOT-2), when there is no recording of Assignment from Bank of NY Mellon to Bank of America.

---

21 | Compliant Adversary Proceeding, Marta Lyall, Plaintiff/Debtor

7.

MERS by its own admission does not have the authority to act as the beneficiary for any Note or Deed of Trust. This is part of MERS manual for its member Investors, **(EXHIBIT E):**

"Although MERS tracks changes in ownership of the beneficial rights for loans registered on the MERS® System, MERS cannot transfer the beneficial rights to the debt."

8.

Bank of America, knowingly did not have the Authority to Transfer or Assign its interest in DOT-1, (the first lien), to Ditech, (was Greentree), because its interest was based on false documents, it would be legally impossible for it to own the Note, has not shown it has a fully and legally endorsed Note, and its predecessor, Countrywide, knowingly did not legally own the Note, and did not have the a fully and legally endorsed copy of the Note.

The Promissory Note, signed by the Plaintiff had been made void, by Countrywide selling the note in whole into the MBS Trust in 2004. By this act it had been changed from a 2-party contract between the Plaintiff and a Lender, into a tradable security instrument which cannot be undone.

9.

The recordation of the cited false documents had the effect of unlawfully establishing or attempting to establish or perfect a security interest in favor of Bank of NY Mellon, Bank of America, and Ditech Financial Services, LLC, and those who act of their behalf, or to unlawfully create or keep in place a cloud upon Plaintiff's title, amounting to a violation of property of the estate under § 362(a)(3) and/or (4) of the Bankruptcy Code, and/or against property of the Plaintiff-Debtor in violation of § 362(a).

## COUNT III
## DECLARATORY RELIEF

1.

A Complaint for Declaratory Relief, pursuant to B.R. 7001(9), can provide the same relief as is available to Plaintiff pursuant to B.R. 7001(1), (2) and (7), because it provides that a declaratory judgment can include any of the relief available in any other type of adversary proceeding. It provides that an adversary proceeding includes "a proceeding to obtain a declaratory judgment relating to any of the foregoing," i.e., any of the adversary proceeding types delineated in B.R. 7001(1) through (9). Plaintiff seeks declaratory relief, such as is necessary to provide the same relief available pursuant to the Washington Quiet Title Statute and B.R. 7001(2) and (7).

2.

Plaintiff seeks declaratory rulings as are determined by the Court, as is necessary to carry out the purposes and intents of the relief requested in this Complaint.

3.

Plaintiff seeks declaratory rulings pertaining to the documents recorded that constitute a cloud upon Plaintiff's title. In May 3, 2012, the Assigned DOT-1 purported to be executed by MERS, grants, assigns and transfers the DOT-1 and ownership of the Loan and Note to Bank of America, NA. It claims to be the beneficiary and owner which is not possible, (**Exhibit B**). MERS never owned the Loan and Note, and therefore never owned the security interest on the behalf of Countrywide.

Therefore MERS could not transfer ownership of the Loan or Note. Since the mortgage security interest follows ownership of the Loan and Note the security interest could not be assigned independently thereof. Therefore, Plaintiff requests declaratory rulings that:

A.)

The Deed of Trust (DOT-1) or the Assigned Deed of Trust, (DOT-1) is null and void; That the

Deed of Trust (DOT-2) or the Assigned Deed of Trust (DOT-2) is null and void.

B.)

The Assignment of beneficial interest, of the Promissory Note and DOT-1, for the first lien, to Ditech Financial Services FKA Greentree Servicing, by Bank of America, NA is null and void;

C.)

The Assignment of beneficial interest, of the Promissory Note and DOT-2, for the second lien, or HELOC to Bank of NY Mellon, by MERS, is null and void;

D.)

The Creditors with claims on the Property, including BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O",, or those acting on their behalf, are not secured creditors and any interest they may have had in the property is Void.

E.)

That Lender, Countrywide, transferred and completely divested itself of its interest in the Loan, Note and DOT-1 prior to May 3, 2012, when this interest was then transferred to Bank of America, or on such other date as the evidence will show.

E.)

That Lender, Countrywide, transferred and completely divested itself of its interest in the Loan, Note and DOT-2 prior to May 29, 2012, when this interest was transferred by MERS to Bank of NY Mellon, or on such other date as the evidence will show, and was the basis for the creation of DOT-2 now being claimed as being owned by both Bank of NY Mellon, as Trustee for ABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES,

SERIES 2004-"O", and Bank of America, through their letter dated October 8, 2015, **(Exhibit A)**.

F.) That MERS, by nature of its own statements, does not possess any beneficial interest in any Promissory Note, **(EXHIBIT E),** and so could not legally transfer the beneficial interest for the Note and DOT-1, to Bank of America, on May 3, 2012. Nor could it transfer any beneficial interest to Bank of New York Mellon, on May 29, 2012.

G.)    That Lender, Countrywide, transferred and completely divested itself of its interest in the Loan, Note and DOT-2, when this interest was transferred in whole to the MBS Trust, in September 2004, or on such other date as the evidence will show, yet was the basis for the creation of DOT-2.

H.)    That Lender, Countrywide, transferred and completely divested itself of its interest in the Loan, Note and DOT-1, when this interest was transferred in whole to the MBS Trust, in September 2004, or on such other date as the evidence will show, yet was the basis for the creation of DOT-1.

I.)
That NY Bank of Mellon, a New York Trustee, is not allowed to transfer into a MBS Trust, the Plaintiffs current HELOC Note, (DOT-2), because New York Trusts are not allowed to accept non-performing loans, or make out-of-time assignments because this is a void act under New York Trust law.

4.    Plaintiff further requests declaratory rulings that:

A.)
BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O",, are not the owners of the Loans and Notes, for the subject property.

B.)
BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" are not the holder to enforce or holder in due course of the Notes, or the Deed of Trusts, (DOT-1 and DOT-2), for the subject property.

C.)
BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" have no right to enforce the Note.

D.)
Determine the authenticity, validity and authority to make any endorsements on the original Note, including the lack thereof, meaning the power to fail to make endorsements that were contractually required to be made upon the Note.

E.)
Bank of NY Mellon, as Trustee has no security interest in the Property;

F.)

No party owns the Note, Loan, or DOT-2 on the basis of privity with Bank of NY Mellon as Trustee;

G.)

No successor party to Countrywide, can be the owner of the Loans, Notes or Deeds of Trust for the subject property.

H.)

That MERS did not have the Authority to transfer or reconvey the Deeds of Trust, (DOT-1 and DOT-2) or the Notes on the subject property, to an unknown party, on May 3, 2012, or on May 29, 2012.

5.

Plaintiff seeks the following declaratory rulings:

A.)

That BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" are not the holders of the Note with proper endorsements. Therefore, they do not have the right to enforce the Note or to claim status as beneficiaries, or secured creditors.

B.)

That BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" do not

own any interest, in the Loan, Note or Deed of Trust (DOT-2).

C)

Plaintiff is not indebted to BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O".

D)

BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" does not have a security interest in the Property.

## COUNT IV

CONTINGENT CLAIM OR CREDIT FOR THIRD PARTY PAYMENTS AS MISCELLANEOUS PAYMENTS PURSUANT TO STATUTE AND DEED OF TRUST

1.

If contrary to information and belief it is later shown that the Notes had been successfully pooled into the MBS Trust in 2004 that it was intended to be pooled into, or was ever owned by any MBS Trust, it was owned in trust for the benefit of the Investors that purchased interests in the MBS Trust ("Certificate Holders" or "Bond Holders"), as described above.

2.

If the Notes had been successfully sold, negotiated and transferred to BANK OF NEW YORK

MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O", or it were otherwise shown that the pool had an equitable interest in the Loan, the underlying obligation has nevertheless been fully discharged by payments from Plaintiff and from third parties for which Plaintiff is legally entitled to be credited. Assuming the Note was successfully pooled into ownership in trust for Certificate Holders, payments were made to or on behalf of said Certificate Holders by third party sources, such as Credit Default Swap ("CDS") sellers. Some of these payments were made pursuant to contractual provisions that were triggered when occurred what are sometimes called, "Credit Events." The contractual provisions are contained in the securitization documents, and in CDS contracts, in the case of CDS payments. The CDS contracts were purchased to insure the investments of the Certificate Holders of the MBS Trusts. Plaintiff is legally entitled to receive monetary credit reducing her obligation for third party payments, aka "miscellaneous payments."

3.

The Deed of Trusts, (DOT-1 and DOT-2) contain provisions that allow for the contingency that third party payments might be made to the owner of the Loans and Notes. The DOTs calls them "Miscellaneous Payments." Plaintiff claims entitlement to monetary credit for payments made by such third parties. The DOT-1 and DOT-2 provides that Miscellaneous Proceeds are to be applied to the obligation the exact same way that mortgage payments are to be applied. Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided in the DOT-1 and DOT-2.

4.

The DOT-1 and DOT-2 contains exclusions, such that certain third party payments shall not be entitled to status as "Miscellaneous Payments," for which Plaintiff is entitled to be credited. The only 3rd Party payments that Plaintiff was contractually not entitled to be credited for, pursuant

to the DOT-1 and DOT-2, were Mortgage Insurance payouts, casualty insurance payouts and title insurance payouts. All other third party payments made on the Note are called "Miscellaneous Proceeds" in the DOT-1 and DOT-2 and Plaintiff seeks to be credited for only those that are not excluded in the DOT-1 and DOT-2.

5.

The "Miscellaneous Proceeds" provisions in the DOT-1 and DOT-2 are standard DOT-1 and DOT-2 form provisions. Although Plaintiff does not need statutory support for these credits, because they are contractually provided for, these provisions are in agreement with the U.C.C., "discharge by payment" rule that provides that payments made by or on behalf of a party obliged to pay the Note to a party entitled to enforce it discharges the obligation of Plaintiff.

> . . . an instrument is paid to the extent payment is made by or on behalf of a party obliged
> to pay the instrument and to a person entitled to enforce the instrument. To the extent of
> the payment, the obligation of the party obliged to pay the instrument is discharged . . . A
> mortgagee or a beneficiary to a note and deed to trust is entitled to only one satisfaction
> of his debt prior to the discharge of the mortgagor or obligor.

6.

If there is any entity that can prove itself to be the owner of the Notes and/or obligations, Plaintiff alleges that the evidence will show that Plaintiff has been discharged by satisfaction, as described above, of the entire obligation by a combination of payments from Plaintiff plus payments from third party sources. If such a party comes forward claiming to own the Loans and Notes, Plaintiff is entitled to a complete accounting of all third party or Miscellaneous Payments made to or on behalf of the Investors.

7.

Therefore, in the alternative to the relief otherwise prayed for herein, if BANK OF NEW YORK

MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" proves any right to payment on the Loan, Plaintiff seeks:

A.)
A complete accounting for all 3rd Party Payments made to or on behalf of the Certificate Holders of any MBS whose MBS Trust included or should have included the Plaintiff's note;

B.)
Judgment for credits she is entitled to for 3rd Party Payments made against the Loan;

C .)
A Declaratory Judgment specifying the amount of credit for such Miscellaneous Payments, as well as the remaining amount owed, if any, and whether or not any such remaining obligation is secured by the DOTs, or otherwise.

## COUNT V
Unjust Enrichment

Unjust enrichment is when one party gains an unearned benefit at another party's expense. The bankruptcy court demands that the debtor who unjustly gained the benefit, reimburse the party who was harmed.

1.
In this case, BANK OF NEW YORK MELLON, BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" and other currently unnamed parties, associated with Investment Banks, all gained or attempted to gain, an unearned benefit at the Plaintiff's expense. This has likely happened to six million

Americans who were targeted by these banks like the Plaintiff was, their investment bank counterparts and those who act on their behalf.

2.

Unjust enrichment is based on the legal ideas of justice and equity. Therefore, the definition of what is unjust enrichment may be more subjective than violations of some other types of laws. A bank found to have been engaged practices to enrich itself at the expense of borrowers, however, must make restitution to the homeowners.

In unjust enrichment terms, two basic elements must be established in quasi-contractual actions: the person receiving a benefit (such as money), (the banks in this case), must be unjustly enriched, and the party conferring the benefit must not be a volunteer.

Thus, to satisfy the first requirement to recover on a claim for money had and received, for example, the plaintiff must base the claim that the defendant has been unjustly enriched on some recognized equitable principle such as money paid under mistake, coercion, duress, fraud, illegality of contract, impossibility of performance, or failure to perform a fiduciary duty, and the defendant must retain the money received or the benefit of the money received so as to be enriched.

Whether one acts as a volunteer depends on the circumstances of each case, including (1) whether benefits were conferred at the request of the party benefited, (2) whether the party benefited knew of the payment but stood back and let the party make the payment, and (3) whether the benefits were necessary to protect the interests of the party who conferred the benefit or the party who benefited by the payment.

3.

In this case, the two party contract, in the form of Promissory Notes, the Plaintiff entered into in

2004 with Countywide, did not state that the nature of the Notes would be changed to a tradable security instrument, and that this was the motivation for offering the money to the fragile borrower in the first place. It was also the reason the Plaintiff received an inflated appraisal to support the note, in 2004. And it is why Assignments of her DOTs and their wrongful beneficiaries were recorded with false or missing material facts. It is also why the Original Note, with full endorsements unavailable, (a court action showed, Countrywide home loans frequently destroyed the original notes once the Note was securitized). Here too, Bank of America has taken actions in order to further be able to profit from the loss of the Plaintiffs house.

4.

Case law describes how to identify the motive of the Banks and Lenders in their interest in securitization of the Notes and multiple Assignments of the DOTs:

*"The Bellistri case, 284SW 3d 619, (Missouri Appeal, cert. reportedly denied) coupled with its quote from Restatement 3rd is simple: put one name on the note and another on the DOT as beneficiary (particularly when the beneficiary is MERS and therefore an undisclosed principal) and you have direct evidence that the intention of the parties was to separate the note from the mortgage."*

5.

Conflict comes not from the law or the wording on the instruments but from the inherent question of "why would anyone want to do that?" There are of course many answers to that question in a securitized mortgage context. But it is the existence of the question that causes people to lean toward the idea that no reasonable person would have intended that and to assume that the parties, including the borrower, would never have intended this outcome when they signed their Notes, had they understood what it meant.

This scheme is described in many articles and court cases against both Bank of America and Countrywide home loans and will be described in full at a later time in this case.

6.

The Plaintiff was harmed by engaging in good faith with these lenders for an equitable home loan, to purchase a house. It was not entered into as a temporary arrangement, with thousands of other parties, to "rent the house" from the banks and have her equity taken from her. It is also clear, not only in this case, but in millions of other cases between these years, that the banks and their collaborators and those acting on their behalf clearly understood why these loans were being to aggressively sought after. But this motive, as stated before, was never conveyed to the Plaintiff, or the Borrower.

When the Glass-Steigall act was repealed in 1999, this type of unjust enrichment by the banks, at the detriment of millions of Americans, grew rapidly. The Banks, Investment Banks, Investment Underwriters who created Mortgage Backed Securities and Credit Default Swaps all knew who would be profiting and who would lose.

7.

The Plaintiff has the right, because of these deceptive practices and unjust enrichment, for restitution in the form of monetary credits.

8.

The Plaintiff has a right to a full accounting by these banks and all counterparties and those acting on their behalf, a full accounting regarding these unjust gains.

## COUNT VI

Removing HELOC from being Secured Creditor to being Unsecured Creditor

1.

B.R. code 502 and 506(a) allows the valid owner of a second lien to be an unsecured creditor, in

a Chapter 7 case. In the Debtors previous Chapter 13 case, there was a question as to if there was sufficient equity to provide adequate protection for both the first and second liens in the subject property. If the legal owner of the HELOC can be confirmed, (which at this point is questionable), then the Debtor asks that the HELOC be stripped, and confirmed as an unsecured creditor. Bank of NY Mellon currently claims beneficial interest, as does Bank of America. Only one legal owner and beneficiary is possible, from the recorded documents listed. Bank of NY Mellon claims to represent the beneficial interests of the Owners of a MBS: CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O". The Trustee cannot enforce or negotiate the note unless he received money for the Note. All investors in the Note, would have to come forward and claim their beneficial ownership in whole and show the monies they provided or received regarding the Note. But even then, in doing so, they would merely be proving the fact that the Note, had been converted from a negotiable security, into a tradable security, and so the negotiable instrument, between Countrywide and the Debtor would be void.

2.

Case law supports this stripping of a second lien, in a Chapter 7 case, including: In re McNeal Case No 11-11352 11th cir. May 11, 2012, and in *Bustamante 12-bk-12877 Memo Opinion Granting Motion to Strip.*

3.

The defendant, Ditech Financial Services filed a Motion for Relief From Stay on October 30, 2015. The Debtor included in her reply to this Motion, more detailed information about her current equity in the property. Please refer to this document, for more detail.

Insofar as multiple unconfirmed parties holding themselves out as the owner and holder of the Notes, the Debtor reserves her right to object to amend this complaint.

**RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks the Court for the following relief, as requested above: That on final trial the Court:

A.)

Determine the extent and validity of BANK OF NEW YORK MELLON, MERS, (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS), BANK OF AMERICA, NA, DITECH HOME LOAN SERVICING, (WAS GREENTREE LOAN SERVICING), CWABS MASTER TRUST, REVOLVING HOME EQUITY LOANS ASSET BACKED NOTES, SERIES 2004-"O" claim to lien on Plaintiff's above described Property, and that within that process the Court grant the same relief as would be available in a state court suit for quiet title as prayed for above, including whatever judgments it determines are just in recordable form, such that cloud upon title shall be removed;

B)

Including injunctive relief for enforcement of the final determination as prayed for above, and leave open the possibility that a temporary injunction may be requested as some point in this proceeding;

C )

That the Court make findings as to each claim of recording fraud and violation of the automatic stay set out above and that the Court grant Plaintiff a monetary judgment as prayed for above for statutory mandatory or treble actual damages for each violation of the above recorded cited statutes and make a determination and award for additional equitable and exemplary damages;

D)

That the Court make findings for an appropriate award of mandatory fees and costs and for any additional discretionary awards of same and enter judgment in accordance therewith;

E)

That the Court grant declaratory relief as is shown by the evidence and as determined by the Court as prayed for above;

F.)

An Order for restitution in the form of monies to restore to the Plaintiff a fair percentage of the unjust gains received by the defendants, those who act on their behalf, and their counterparties in creating and profiting from securitization and then from Credit Default Swaps or other forms of insurance, including payments received from the FDIC or other government agencies.

G.)

That should the condition present itself, as an alternative to the quiet title relief, that Plaintiff be granted an accounting and obtain appropriate judgments for unapplied credits, as prayed for above;

I.)

That the Court identify the rightful owner of the HELOC, if possible, and then confirm the HELOC, as an unsecured creditor based on the equity in the property. Or, declare the property has equity, and the amount of that equity, providing to the Debtor the amount she is owed, through her exemptions.

J.)

That the Court make any other findings of fact and conclusions of law and include them in writing in the final judgment along with any other judgments as are justified by the evidence and determined by the Court to be in accordance with the pleadings and/or evidence.

Respectfully Submitted,

/s/ Marta D. Lyall

Dated: November 10, 2015                          *Marta D. Lyall, Debtor, Pro Se*

**CERTIFICATION**

I am Marta D. Lyall, the Plaintiff in this case, am qualified to make this verification. To the best of my knowledge, information and belief, the facts and allegations contained above are true and correct. This verification I make unsworn but by oath under penalty of perjury, on November 10, 2015.

/s/ Marta D. Lyall

Marta D. Lyall, Pro Se

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS Marla Lyall, Debtor<br>PRO SE | DEFENDANTS<br>Bank of NY MELLON, MERS, BANK of<br>America, Ditech Home Loan Servicing,<br>Home Equity Loans ASSET Backed Notes series 2004-0 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Ø | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

DETERMINE EXTENT & VALIDITY OF LIENS, on Real Property, for Quiet Title for Injunctive Relief to recover money, pursuant to Statutory or Equitable Damages Declaratory Relief, and conditional action for an accounting and to obtain unapplied credits & confirm removal of 2nd Lien from Secured Creditor

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

U.S. BANKRUPTCY COURT
WESTERN DIST OF WA AT SEATTLE
2015 NOV 10 AM 10:08
RECEIVED

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought   See Complaint | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Marta D. Lyall,* | BANKRUPTCY CASE NO. *15-15981-TwD* | |
| DISTRICT IN WHICH CASE IS PENDING *Western District* | DIVISION OFFICE *Bankruptcy* | NAME OF JUDGE *DORE* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE *11/16/2015* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Marta D. Lyall* |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.